GEORGE E. ROBINSON vs. CHARLES E. HODGKINS & another.
JAMES G. WALKER vs. SAME.

Suffolk.   March 26, 29, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Liability of Partnership for Goods sold and delivered after Appointment by this
Court of Custodian of Partnership Funds — Receiver.*

In a suit for the winding up of a partnership the appointment by this court, by
agreement of the partners, of a person "to take possession and control of . . .
all business and property of the firm, with authority and power to pay all bills
for current expenses, for said fund, after said bills shall have been approved by
both of said parties," is not the appointment of a receiver to whom only a per-
son who had sold and delivered goods to the partnership, after the appointment,
should look for payment; but even though the person so appointed should be
considered as a receiver, having exclusive charge of the business, yet, in an
action against the partnership for the price of the goods so sold and delivered,
where the evidence showed that after the dissolution of the partnership one of
the defendants ordered goods of the plaintiff, who had no notice of the disso-
lution, in the same manner as before, and assured the plaintiff that either one
of the defendants was able to pay the bill, that the goods were at no time or-
dered by any one other than the defendants, and that the plaintiff understood
he was selling to the partnership, it was proper for the presiding judge to sub-
mit to the jury the question whether the goods were purchased of the plaintiff
by the receiver or by the defendants.

TWO ACTIONS OF CONTRACT, for goods sold and delivered.
At the trial in the Superior Court, before *Sheldon*, J., the jury
returned a verdict for the plaintiff in each case; and the defend-
ant Gay alleged exceptions, the nature of which sufficiently ap-
pears in the opinion.

*R. Lund,* for the defendant Gay.

*H. A. Richardson,* for the plaintiffs.

HOLMES, J.   These are actions against the proprietors of a
restaurant for goods sold and delivered to it in the summer and
autumn of 1894.   They are defended only by one of them, Gay.
The defence to be considered is, that before the goods were sold
a third person had been appointed by this court by agreement of
the proprietors in a suit for the winding up of their partnership " to
take possession and control of . . . all business and property of
the firm, with authority and power to pay all bills for current

expenses, for said fund, after said bills shall have been approved by both of said parties." It is argued that this was the appointment of a receiver, and that thereafter persons selling goods to the restaurant could look only to him. This is insisted on by the defendant as matter of law, on exceptions to the refusal of rulings asked to that effect.

We are of different opinion. In the first place, we do not interpret the order as having the scope attributed to it. We think that it only purports to appoint a satisfactory neutral custodian of the partnership funds pending the suit, with no authority to contract bills, but only with the duty to receive the money coming in, and to pay it out so far as he was directed by the partners to do so. If bills were to be contracted, it was to be done by the partners, not by him. The goods sued for were furnished to the restaurant just as they had been furnished before the order of the court, so that, if the order had the limited meaning which we say, there is no question of the right of both plaintiffs to recover. It is argued that goods had not been sold on credit before the trouble. But if that be material, we derive a different conclusion from the evidence.

But even if the order be taken to appoint a receiver to carry on the business, or if, as the jury were permitted to find by the instructions given them, Stebbins, the third person appointed, took exclusive charge of the business in fact, whatever the scope of the order, still the presiding justice was right in leaving it to the jury to say whether Stebbins or the defendants purchased their goods of the plaintiffs. In Walker's case it is testified in terms that Walker had no notice of a dissolution of the firm, and that Gay purported and was understood by Walker to order goods on the old footing, as of course he could do if the parties agreed. There is evidence also that toward the end of the time covered by the bill Gay said that the plaintiff need not give himself any uneasiness as either one of them was amply able to pay the bill. This imported an admission of liability.

In Robinson's case the evidence is less detailed, but it is testified that Gay had been introduced to the plaintiff as a partner in the concern, that the plaintiff understood that he was selling to the partnership, that no one but Hodgkins or Gay ordered goods during the time in question, and that Gay was in the plaintiff's

place during the spring and summer, and sometimes ordered goods and paid bills. Indeed, Gay himself impliedly admits that he may have done so, although he says if he did it was only by Stebbins's instructions.* Stebbins, however, says that he understood the order of the court as we do, that he did not interfere with the business at all, but told the defendants that the conduct of the business rested with them, that they assented so far as possible under the order, and that he never authorized any one to buy goods.

We have said nothing of the decree of dissolution made on January 18, 1895, as of March 10, 1894, because of course this could not affect the previous dealings of the plaintiffs. If there was an actual dissolution in March, the jury were warranted in finding that the plaintiffs had received no notice of it.

*Exceptions overruled.*

---

* The defendant Gay testified, "If I ever paid any bill it was in conformity with instructions from Mr. Stebbins, if he requested me to do it."